Raymond E. Aldrich, Jr., J.
Four children of compulsory school age have heretofore each been adjudged by this court to be a neglected child within the meaning of article 3 of the Family Court Act, upon the ground that their parents have not adequately supplied them with education, due to a refusal to have them immunized against poliomyelitis, although having the financial means to do so, and thereby permit them to be admitted as pupils to the City of Poughkeepsie public school system. (Matter of Elwell, 55 Misc 2d 252.) Now involved are the four dis-positional hearings, to be decided together, the purpose of which is to determine what order of disposition should-be made (Family Ct. Act, § 345).
All parties appeared with counsel, -and the children were represented by an appointed Law Guardian (Family Ct. Act, §§ 249, 343).
The neglect involved is not the traditional failure, and in most cases the flagrant omission, to provide children with 'the acceptable essentials of life, such as food of wholesome quality properly prepared for growing, active children, or, warm clothing to protect them from the elements, or, shelter in a dwelling where proper living accommodations and adequate' sanitary facilities are available; The neglect in these cases is of-a different nature and quality, and involves a -failure to comply with a valid requirement mandated by the Legislature in the promotion of the public health and welfare of -our citizens.
*498 Counsel for the respondents has indicated that the determination of neglect heretofore made will be appealed to a higher authority, so that the constitutional questions previously presented, and passed upon by this court in finding neglect, can be resolved by an appellate tribunal, and he argues that a reversal of the decision in the fact-finding hearing would mean that the children would not have to be immunized under the statutes in question. However logical his assertion may be, this court cannot abide the outcome of an appeal, but must' make a disposition in this matter, which is of great public and private concern.
The court is deeply perturbed that the children have not attended school since October 11, 1967, for continued education is most essential to their well-being and the promotion of their best interests. Without question the school authorities did permit the children to remain in school from the commencement of the January 1967 term until October of that year without implementing the requirement of immunization, and the argument has been advanced by counsel that they should be' readmitted, as further attendance during an appeal would promote their welfare and not be deleterious to their fellow students. Such may be, but that decision must be made by the Board of Education. Assuming, but not deciding, whether Family Court has the power to compel the board to readmit the children, this court will not make such an order, for to do so would compel the board to do an act which does not have the sanction of the law.
The dispositions available to the court are clearly set forth in section 352 of the Family Court Act and any other is improper.
Under the circumstances of these cases, the' need for placement of the children outside of the home is not warranted at this time. They are obedient to the instructions of their parents not to be immunized, and the evidence does not indicate they are being deprived of the necessities of life, or even the comforts of a good home, although they are not put in a condition so as to permit their school attendance.
If the specified condition constituting the neglect is eliminated, the aid of the court is no longer required. If the parents would take proper steps to assure their school attendance by having them immunized, no further neglect under the statutes would exist.. The disposition need not go beyond what is necessary to meet and correct the condition causing neglect. This court will give the parents the opportunity to eliminate the cause of the neglect before resorting to the severe procedures culminating in *499 removing the children from the home (Family Ct. Act, § 352, subds. [b], [c]).
Accordingly, the court will enter an order of disposition in accordance with subdivision (a) of section 352 and section 353 of the Family Court Act, ordering that judgment against Robert G. Elwell and Naomi Elwell, the parents of the children, be suspended for a period of 30 days, upon the terms and conditions hereinafter set forth, which should eliminate the acts or omissions of the parents constituting the neglect, so as to assure the children’s school attendance to the advancement of their welfare, and such terms and conditions thereof are as follows:
Robert G. Elwell and Naomi Elwell, the parents of each of these children, shall have administered to each child an adequate dose or doses of an immunizing agent against poliomyelitis which meets the standards approved by the United States Public Health Service for such biological products, and which is approved by the State Department of Health (Public Health Law, § 2164).